Robert A. Rich
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166-0136
(212) 309-1000
rrich2@huntonak.com

*Attorneys for Timothy P. Coffey*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 13 |
| GURU PRAKASH RAJA | § | |
| | § | Case No. 22-70293-ast |
| (a/k/a Switzoor), | § | |
| | § | |
| Debtor. | § | |

**MOTION FOR BANKRUPCY RULE 9011 SANCTIONS**
**AGAINST DEBTOR GURU PRAKASH RAJA**

TO THE HONORABLE ALAN S. TRUST,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Timothy P. Coffey ("<u>Movant</u>"), by and through his undersigned counsel, files this motion

(the "<u>Motion</u>") for entry of an order, in substantially the form annexed hereto as **Exhibit A**,

pursuant to Rule 9011(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), (i) sanctioning Guru Prakash Raja a/k/a Guru Switzoor (the "<u>Debtor</u>") in the amount of

reasonable attorneys' fees and costs incurred by Movant in connection with this chapter 13 case

and the Debtor's prior chapter 13 case, and (ii) directing payment to Movant within thirty days of

determination of the amount of such attorneys' fees and costs.  In support of the Motion, Movant

submits the declaration of Jack S. Dweck [Docket No. 11] (the "<u>Dweck Declaration</u>").  In further

support of the Motion, Movant respectfully represents as follows:

## BACKGROUND

### A.      The Notes and the Mortgage

1.      Movant is the holder of two promissory notes issued by the Debtor and Janaharaja Shobana ("Shobana"; together with the Debtor, the "Borrowers"), as husband and wife, for the repayment of loans in the aggregate principal amount of $800,000.00 (the "Notes").[1]  The Notes were issued in 2014 and provided for monthly interest-only payments for 5 years, with principal due at maturity in November 2019.  Dweck Decl. at ¶ 2.

2.      The Notes were issued by the Borrowers in connection with their purchase and/or enhancement of the Mortgaged Property and are secured by a lien on the Mortgaged Property pursuant to a mortgage dated October 29, 2014 (the "Mortgage").  *Id.* at ¶ 3.  At the time the Notes were issued, the Borrowers used the Mortgaged Property as a rental property.  *Id.* at ¶ 4.

### B.      The Borrowers' Default, State Court Efforts to Frustrate Movant's Exercise of Remedies, and the First Scheduled Sheriff's Sale

3.      The Borrowers have been in default under the Notes and Mortgage since October 2016, and have failed to make any payments since 2017.  Dweck Decl. at ¶ 5.

4.      On February 2, 2018, Movant filed a motion for summary judgment in lieu of a complaint in the Supreme Court of the State of New York, Suffolk County (the "New York State Court") against the Borrowers to recover outstanding principal, interest and fees under the Notes based on the Borrowers' payment default.  *Id.* at ¶ 6.

5.      On August 3, 2020, following years of litigation during which the Borrowers unsuccessfully disputed amounts owed under the Notes,[2] the New York State Court awarded

---

[1] One of the two Notes initially was held by Cindy Lou Bergeron, and then subsequently assigned to Movant. Dweck Decl. at ¶ 2, n.1.

[2] In a decision dated January 16, 2019, the New York State Court found that Movant had provided evidence of both the existence of the Notes and the Debtor's and Shobana's default.  See *Short Form Order* at 2, *Coffey v. Switzoor,*

judgment to Movant in the amount of $1,575,464.75 inclusive of principal, interest and attorneys' fees under the Notes through and including July 1, 2020. *See* Judgment, *Order*, *Coffey v. Switzoor*, No. 602173/2018, (N.Y. Sup. Ct. Aug. 3, 2020) [NYSCEF Doc. No. 83] (the "Judgment"), a copy of which is annexed to the Dweck Decl. at Exhibit 7. The Judgment was docketed in the Office of the Clerk of Suffolk County, where the Mortgaged Property is located, on August 24, 2020. Movant has received no payments on account of the Judgment. *See* Dweck Decl.. at ¶ 7.

6.     In March 2021, following a petition by Movant, the New York State Court entered a judgment directing a sheriff's sale of the Mortgaged Property and any other real property owned by the judgment debtors. In accordance with that order, the sheriff scheduled a sale of the Mortgaged Property for September 22, 2021 (the "First Sheriff's Sale"). *Id.* at ¶ 8.

### C.     The Debtor's First Bankruptcy Filing, Subsequent Dismissal, and Second Scheduled Sheriff's Sale

7.     On September 17, 2021, just five days prior to the First Sheriff's Sale, the Debtor filed a *pro se* petition for Chapter 13 bankruptcy relief before this Court, Case No. 21-71644-ast (the "Prior Chapter 13 Case"). The First Sheriff's Sale was stayed as a result of the Prior Chapter 13 Case. Dweck Decl. at ¶ 9.

8.     The Debtor commenced the Prior Chapter 13 Case by filing a skeletal petition and listing Movant as his only creditor. *See* Chapter 13 Petition, Case No. 21-71644 (ECF No. 1). The Debtor failed to prosecute the Prior Chapter 13 Case in any manner, including without limitation by:

---

No. 602173/2018, (N.Y. Sup. Ct. Jan. 16, 2019) [NYSCEF Doc. No. 32]. But, because the Borrowers disputed whether Movant had correctly applied partial payments made on the Notes, the New York State Court scheduled further discovery. *Id.* On May 15, 2020, after discovery and subsequent briefing, the New York State Court found that Movant had properly applied the Debtor's partial payments. See *Short Form Order* at 2, 4, *Coffey v. Switzoor*, et al., No. 602173/2018, (N.Y. Sup. Ct. May 15, 2020) [NYSCEF Doc. No. 75]. The Borrowers have appealed the New York State Court's decisions, but there has been no decision on appeal and no stay pending appeal has been entered.

      i. failing to file a chapter 13 plan by or after the deadline set forth in Bankruptcy Rule 3015(b);

      ii. failing to file schedules, a statement of financial affairs, a statement of current monthly income, or copies of pay statements. *See Notice of Deficient Filing*, Case No. 21-71644-ast (Bankr. E.D.N.Y. Sept. 17, 2021) (ECF No. 4); *Final Notice of Section 521 Deficiencies*, Case No. 21-71644-ast (Bankr. E.D.N.Y. Sept. 17, 2021) (ECF No. 18); and

      iii. failing to appear for the scheduled section 341 meeting. Dweck Decl. at ¶ 9.

9.      On October 20, 2021, Movant moved for dismissal of the Prior Chapter 13 Case on the grounds that the Debtor failed to timely file a chapter 13 plan and that, as evidenced by the Judgment, and that the Debtor exceeds the chapter 13 debt limits under section 109(e) of the Bankruptcy Code. *See Motion of Creditor Timothy P. Coffey for Entry of an Order Dismissing Debtor's Chapter 13 Case*, Case No. 21-71644-ast (Bankr. E.D.N.Y. Oct. 20, 2021) (ECF No. 19).

10.      After a hearing at which the Debtor failed to appear, Dweck Decl. at ¶ 11, the Court entered an order granting the motion and dismissing the Prior Chapter 13 Case. *Order Dismissing Chapter 13 Case*, Case No. 21-71644-ast (Bankr. E.D.N.Y. Nov. 30, 2021) (ECF No. 27).

11.      The Movant rescheduled the sheriff's sale for the Mortgaged Property for February 23, 2022 (the "Second Sheriff's Sale") following dismissal of the Prior Chapter 13 Case. Dweck Decl. at ¶ 12.

**D.**      **The Debtor's Second Bankruptcy Filing**

12.      On February 18, 2022, just five days prior to the Second Sheriff's Sale, the Debtor filed another *pro se* petition for Chapter 13 bankruptcy relief before this Court, commencing the above-captioned case (the "Current Chapter 13 Case"). The Second Sheriff's Sale was stayed as a result of the Current Chapter 13 Case.

13.     Just as with the Prior Chapter 13 Case, the Debtor commenced the Current Chapter 13 Case by filing a skeletal petition and listing Movant as his only creditor.

## **JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

15.     The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9011(c).

## **RELIEF REQUESTED**

16.     Movant hereby requests entry of an order (i) sanctioning the Debtor in the amount of reasonable attorneys' fees and costs incurred by Movant in connection with this Current Chapter 13 Case and the Prior Chapter 13 Case, and (ii) directing payment to Movant within thirty days of determination of the amount of such attorneys' fees and costs.

## **ARGUMENT**

17.     Bankruptcy Rule 9011(b)(1) provides, in relevant part:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation …

Fed. R. Bankr. P. 9011(b)(1).

18.     By its terms, Bankruptcy Rule 9011(b) expressly applies to an "unrepresented party" who files a bankruptcy "petition."  *Id.*; *Moxey v. Pryor*, Case No. 15-4632, 2017 WL 1229735, at *3 (E.D.N.Y. Mar. 31, 2017) ("The fact that a litigant appears pro se does not shield

him from ... sanctions because one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.) (citation and quotation marks omitted).

19.     Bankruptcy Rule 9011(c) provides that, after notice and a reasonable opportunity to respond, the court may impose a sanction upon parties that have violated subdivision (b).  Fed. R. Bankr. P. 9011(c).

20.     A party commits a sanctionable bad faith filing of a bankruptcy petition under the "improper purpose" clause of Bankruptcy Rule 9011(b) where the filing was intended only to delay, and not to "legitimately pursue discharge or reorganization." *Desiderio v. Parikh (In re Parikh)*, 508 B.R. 572, 585 (Bankr. E.D.N.Y. 2014); *see also In re Intercorp Int'l, Ltd.*, 309 B.R. 686, 697 (Bankr. S.D.N.Y. 2004) (sanctioning attorney under the improper purpose prong who filed petition to stay foreclosure sale where there was "no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings").

21.     The Debtor's execution[3] and filing of the Current Chapter 13 Case was done solely to delay Movant's exercise of remedies against the Mortgaged Property and without the intent to "legitimately pursue" prosecution of relief under Chapter 13 of the Bankruptcy Code. The timing, sequencing and manner of the Debtor's bankruptcy cases and state court litigation make clear that intent.  Both the Prior Chapter 13 Case and the Current Chapter 13 Case were filed just five days prior to scheduled sheriff's sales of the Mortgaged Property, and with the filing of skeletal (and nearly identical) bankruptcy petitions.[4]; Dweck Decl. at ¶ 9.  These

---

[3] The Debtor signed the petition commencing this case. *See* Voluntary Petition [Docket No. 1], Part 7.

[4] The Court may take judicial notice of the contents of the docket in this case and the Prior Chapter 13 Case.  *See In re Shukla*, 550 B.R. 204, 213 (Bankr. E.D.N.Y. 2016) ("The Court has taken judicial notice of the contents of the

bankruptcy filings follow years of state court litigation in which the Debtor and his wife pursued meritless defenses with respect to their failure to make any payments on their mortgage loan since 2017, all of which defenses ultimately were rejected by the New York State Court, but served to delay Movant's ability to exercise remedies against the Mortgaged Property in the interim. *See* Dweck Decl. ¶ 7, Exhibits 5 and 6 (state court decisions in Movant's favor).

22.    Further, the Debtor cannot, and *knows* he cannot, successfully prosecute a chapter 13 case because this Court already ruled that he is ineligible to be a chapter 13 debtor.    This court recently dismissed the Prior Chapter 13 Case because, among other things, the Judgment alone exceeds the debt thresholds under section 109(e) of the Bankruptcy Code. *See* Motion to Dismiss (ECF No. 19), Order Dismissing Chapter 13 Case (ECF No. 27), Case No. 21-71644. The Debtor expressly acknowledges the dismissal of the Prior Chapter 13 Case on his current bankruptcy petition, *see* Statement Pursuant to Local Bankruptcy Rule 1073-2(b) (ECF No. 1), and yet inexplicably re-filed under the same chapter.

23.    The Debtor's failure to prosecute corroborates that the Current Chapter 13 Case constitutes merely another delay tactic.  The Debtor failed to prosecute the Prior Chapter 13 Case in any manner, including without limitation by: (i) failing to file a chapter 13 plan by or after the deadline set forth in Bankruptcy Rule 3015(b); (ii) failing to file schedules, a statement of financial affairs, a statement of current monthly income, or copies of pay statements, *see Notice of Deficient Filing*, Case No. 21-71644-ast (Bankr. E.D.N.Y. Sept. 17, 2021) (ECF No. 4); *Final Notice of Section 521 Deficiencies*, Case No. 21-71644-ast (Bankr. E.D.N.Y. Sept. 17, 2021) (ECF No. 18); and (iii) failing to appear for the scheduled section 341 meeting.  Dweck Decl. at

docket in this bankruptcy case and the Debtor's prior chapter 13 case.") (citing *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. Appx. 46 , 48 (2d Cir. 2005)).

¶ 9.  Just as in the Prior Chapter 13 Case, the Debtor thus far has done nothing in the Current Chapter 13 Case other than filing a skeletal petition.

24.     In determining whether to exercise discretion to impose Bankruptcy Rule 9011 sanctions, the Court "should be guided by the purposes of Rule 9011 sanctions, which is to 'deter repetition of such conduct or comparable conduct by others similarly situated.'"  *Desiderio v. Parikh (In re Parikh)*, 508 B.R. 572, 584 (Bankr. E.D.N.Y. 2014) (quoting Fed. R. Bankr. P. 9011(c)(2)).   Although the primary purpose of Rule 9011 is deterrence, compensation is considered a secondary purpose. *See id.* (citing Fed. R. Bankr. P. 9011(c)(1)(A) ("If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.")).

25.     In *In re D&G Construction Dean Gonzalez, LLC*, Case No. 21-71463-AST, 2021 WL 5869474 (Bankr. E.D.N.Y. Dec. 10, 2021), the chapter 13 debtor's mortgage holders sought relief from stay, dismissal, and sanctions against the debtor following serial bankruptcy filings and a "clear pattern of extensive litigation before the New York State Courts." *Id.* at *7.  The Court found that the case was filed only to harass the mortgage holders and cause further unnecessary litigation, and that "no other motive [was] possible or [could] be reasonably inferred." *Id.*   The Court therefore awarded sanctions to the mortgage holders in the form of their attorney's fees and expenses necessary to prosecute their rights in response to the debtor's bad faith filing. *Id.* at *8.

26.     Just as in *D&G Construction*, the Debtor here is a serial filer with a history of seeking to delay Movant's exercise of remedies both in this Court and in New York State Court, as set forth above.  Movant successfully moved to dismiss the Prior Chapter 13 Case, and has moved for relief from stay [Docket No. 10] and to dismiss [Docket No. 12] in the Current

Chapter 13 Case.  Movant respectfully requests an award of its reasonable attorneys' fees and costs incurred in asserting its rights in the Current Chapter 13 Case and the Prior Chapter 13 Case, both to deter the Debtor's future conduct and to compensate Movant for having to respond to bad faith filings.[5]

### NOTICE

27.     Notice of this Motion will be provided to the Debtor, the Chapter 13 Trustee, and all parties that have filed a notice of appearance or have requested service in this case.

### NO PRIOR REQUEST

28.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Movant respectfully requests that the Court (i) enter an order, in substantially the form annexed hereto as **Exhibit A**: (a) granting the Motion; (b) sanctioning the Debtor in the amount of reasonable attorneys' fees and costs incurred by Movant in connection with this chapter 13 case and the Debtor's prior chapter 13 case, and (c) directing payment to Movant within thirty days of determination of the amount of such attorneys' fees and costs; and (ii) grant such other and further relief in favor of Movant as the Court deems just or proper.

Dated:  March 4, 2022                    Respectfully submitted,

                                         *s/ Robert A. Rich*
                                         Robert A. Rich
                                         **HUNTON ANDREWS KURTH LLP**
                                         200 Park Avenue
                                         New York, New York 10166-0136
                                         (212) 309-1000
                                         rrich2@huntonak.com

                                         *Attorneys for Timothy P. Coffey*

---

[5] The proposed form of order annexed hereto includes a proposed procedure for the filing and review of attorney time records.