UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:
Guru Prakash Raja
*aka* Switzoor

Case No.: 22-70293-AST
Chapter 13

Debtor.
---------------------------------------------------------X

**ORDER GRANTING RELIEF FROM THE**
**AUTOMATIC STAY, INCLUDING *IN REM* RELIEF, WITH RESPECT TO**
**PROPERTY LOCATED AT 2 CHINA LANE, EAST SETAUKET, NEW YORK**

Upon consideration of the motion [Docket No. 10] (the "Motion") of Timothy P. Coffey ("Movant") for relief from the automatic stay, the co-debtor stay, to the extent applicable, and *in rem* relief with respect to that certain real property commonly known as 2 China Lane, East Setauket, New York (the "Property"), which Property is more fully described in Exhibit 2 of the accompanying Declaration [Docket No. 11], and all pleadings related thereto, and upon the record of the hearing on the Motion held on March 10, 2022 (the "Hearing") and (a) this Court having subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) due and sufficient notice of the Motion and the Hearing having been provided under the circumstances and no further or other notice is necessary, and (e) this Court finding that the Debtor's filing of his chapter 13 petition was part of a scheme to delay, hinder or defraud creditors that involved multiple bankruptcy filings affecting the Property, and that good and sufficient cause exists for the granting of the relief granted herein, it is hereby

**ORDERED**, that the automatic stay pursuant to 11 U.S.C. § 362(a), to the extent in effect, is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) and (d)(4)(B) as to Timothy P. Coffey, his

agents, assigns and successors in interest, so that Timothy P. Coffey, his agents, assigns and successors in interest may take any and all action under applicable non-bankruptcy law to exercise remedies with respect to the Property, including without limitation to proceed with a Sheriff's sale of the Property to the extent authorized under applicable non-bankruptcy law; and it is further

**ORDERED**, that the co-debtor stay pursuant to 11 U.S.C. § 1301(a), to the extent applicable and in effect, is hereby terminated pursuant to 11 U.S.C. § 1301(c) as to Timothy P. Coffey, his agents, assigns and successors in interest, so that Timothy P. Coffey, his agents, assigns and successors in interest may take any and all action under applicable non-bankruptcy law to exercise remedies with respect to the Property, including without limitation to proceed with a Sheriff's sale of the Property to the extent authorized under applicable non-bankruptcy law; and it is further

**ORDERED**, that pursuant to section 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect the Property filed not later than **two (2) years after the date of the entry of this Order**, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and hearing; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4), any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording; and it is further

**ORDERED**, that this Order shall be effective immediately upon its entry, such that the fourteen-day stay under Bankruptcy Rule 4001(a)(3), or any other applicable Bankruptcy Rule, is hereby waived.



Dated: March 15, 2022
Central Islip, New York

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**